IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS H. AZUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 02:06cv1088 |
| v. ) | Chief Judge Donetta W. Ambrose |
| ) | Chief Magistrate Judge Francis X. Caiazza |
| CHASE BANK USA, NATIONAL ) | |
| ASSOCIATION, f/k/a/ Chase Manhattan ) | |
| Bank, USA, National Association, as ) | JURY TRIAL DEMANDED |
| successor by merger with Bank One, ) | |
| Delaware, National Association, f/k/a First ) | |
| USA Bank, N.A. ) | |
| ) | |
| Defendant. ) | |

**AMENDED COMPLAINT**

Plaintiff, Francis H. Azur ("Mr. Azur"), by his counsel, files the following Amended Complaint to, pursuant to the Defendant's representations, correct the name of the Defendant. Accordingly, the Caption and Complaint is amended to reflect that the Defendant is Chase Bank USA, National Association, formerly known as Chase Manhattan Bank, USA, National Association, as successor by merger with Bank One, Delaware, National Association, formerly known as First USA Bank, N.A. ("Chase") (identified in the initial complaint as JP Morgan Chase & Co., a Delaware corporation, successor-by-merger to Bank One, Delaware, National Association, formerly doing business as First USA Bank N.A). Mr. Azur avers as follows:

**I.      INTRODUCTION**

1.      This is an action under the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., to recover an estimated $1,025,569.60 that was misappropriated from Francis H. Azur through the use of a Chase credit card; to enjoin Chase from submitting, to credit reporting agencies,

adverse credit reports concerning Mr. Azur's credit standing; and to enjoin Chase from taking any action designed to collect the misappropriated amounts from Mr. Azur.

**II.     THE PARTIES**

2.      Plaintiff, Francis H. Azur, is an adult individual whose principal residence is 111 Normandy Court, Nevillewood, Pennsylvania 15142.  Mr. Azur is the President and Chief Executive Officer of ATM Corporation of America ("ATM").

3.      Defendant, Chase Bank USA, National Association, formerly known as Chase Manhattan Bank, USA, National Association, as successor by merger with Bank One, Delaware, National Association, formerly known as First USA Bank, N.A., is a National Association with its main office at 200 White Clay Center Drive, Newark, Delaware, 19711-5466.

**III.    JURISDICTION AND VENUE**

4.      Mr. Azur brings this action pursuant to 15 U.S.C. § 1601, et seq., commonly referred to as the Truth In Lending Act ("TILA").  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.  The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is compete diversity of citizenship between the parties and as the amount in controversy exceeds $75,000.00, exclusive of costs and attorneys' fees.

5.      Venue in the United States District Court for the Western District of Pennsylvania is appropriate under 28 U.S.C. § 1391, as the Western District of Pennsylvania is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**IV.     FACTS**

6.      In or about 1987, Mr. Azur opened a credit card account with First USA Bank. N.A., predecessor to Chase Bank USA, National Association ("the Chase Credit Card Account"),

and received a credit card ("the Chase Credit Card") for that account. The account number of the Chase Credit Card Account was 00004246152004914813 as of March 2006, although there were predecessor numbers for this account as well.

7. In or about January 1993, Mr. Azur founded ATM Corporation of America. Mr. Azur has been ATM's President and Chief Executive Officer at all times since ATM was founded.

8. After founding ATM, Mr. Azur maintained the Chase Credit Card, along with other credit and business cards, in a portfolio within a drawer in his desk at ATM.

9. On July 7, 1997, ATM hired Michele Vanek ("Ms. Vanek") as an Executive Assistant to Mr. Azur. As Executive Assistant to Mr. Azur, Ms. Vanek had responsibility for, inter alia, handling financial matters for Mr. Azur in his capacity as ATM's President and Chief Executive Officer; opening business and personal mail that was addressed to Mr. Azur; and preparing and presenting checks to Mr. Azur for signature by Mr. Azur. Ms. Vanek was not authorized to sign Mr. Azur's name on checks.

10. No later than November 1999, Ms. Vanek removed the Chase Credit Card, without Mr. Azur's knowledge, consent, or authorization, from the portfolio in Mr. Azur's desk.

11. Beginning no later than November 1999 and continuing to March 2006, Ms. Vanek utilized the Chase Credit Card to make withdrawals of cash from automated teller machines, and to make purchases, all without Mr. Azur's knowledge, consent or authorization and all for Ms. Vanek's own benefit. Ms. Vanek then arranged for payment of Chase's invoices for the unauthorized withdrawals and purchases by writing checks and making on-line payments

to Chase from Mr. Azur's checking account, without Mr. Azur's knowledge, consent or authorization.

12. From in or about November 1999 until in or about March 2006, Ms. Vanek misappropriated at least $1,025,569.60 from Mr. Azur through the use of the Chase Credit Card.

13. On or about March 7, 2006, ATM and Mr. Azur discovered that Ms. Vanek had been misappropriating money from Mr. Azur through the use of the Chase Credit Card.

14. On March 8, 2006, ATM terminated Ms. Vanek's employment for misappropriation of funds.

15. On or about March 15, 2006, Mr. Azur, through his counsel, notified federal law enforcement authorities of the misappropriation. Upon information and belief, federal authorities are investigating and have filed or will file criminal charges against Ms. Vanek.

16. Based on activities relating to the use of Mr. Azur's Chase Credit Card that should have been suspicious and unusual to Chase, Chase reasonably should have been aware that a person or persons were misappropriating money from Mr. Azur through the use of that credit card. Those activities included, but were not limited to, the following: significant cash withdrawals and expenditures through the use of the Chase Credit Card despite little prior activity on the card; withdrawals from automated teller machines in amounts generally between $500.00 and $1,400.00 on a daily basis over a period of more than five years; cash withdrawals, generally once or twice nearly every day of any given month; and the incurrence of service fees in the amount of approximately $15.00 to $20.00 dollars per transaction to withdraw cash from automated teller machines, resulting in thousands of dollars in service fees, despite the availability of numerous no-fee options for withdrawing cash.

17. Despite the existence of these unusual and suspicious activities that should have put Chase on notice that a person or persons were misappropriating money from Mr. Azur through the use of his Chase Credit Card, Chase never contacted Mr. Azur, during the period of at least five-and-one-half years when Ms. Vanek was misappropriating funds, to inform Mr. Azur of the unusual and suspicious activities or to inquire whether he was aware of, authorized, and consented to the activities.

18. On information and belief, no later than April 2004, Chase finally recognized the unusual and suspicious activities relating to Mr. Azur's Chase Credit Card Account, and placed two "holds" on that account due to that activity. Chase, however, did not contact Mr. Azur to inform him of, or inquire concerning, the activity that caused Chase to place "holds" on his account. Chase instead lifted at least one of those "holds" when a female individual (believed to be Ms. Vanek) spoke with a Chase representative and requested that the hold be lifted. The second hold is also believed to have been lifted at Ms. Vanek's request. Remarkably, Chase thus allowed the misappropriation to continue by accepting the representation of the person who was engaging in the misappropriation, that the activity that suggested misappropriation was appropriate.

19. On or about March 8, 2006, Mr. Azur notified Chase of Ms. Vanek's misappropriation of money from him through the use of the Chase Credit Card.

20. On April 7, 2006, Mr. Azur, through his counsel, sent registered letters to Chase again notifying Chase of the fraudulent use of Mr. Azur's credit card, notifying Chase that Mr. Azur is disputing all fraudulent transactions made by Ms. Vanek. A true and correct copy of that letter is attached to this Complaint as Exhibit 1.

21. On or about April 21, 2006, Mr. Azur, through his counsel, returned to Chase an executed Affirmation of Unauthorized Use. A true and correct copy of that Affirmation is attached to this Complaint as Exhibit 2.

22. On May 17, 2006, Mr. Azur notified Chase that any transactions to the Chase Credit Card Account on or after October 21, 2001 were unauthorized and that he received no benefit from the transactions. A true and correct copy of that letter is attached to this Complaint as Exhibit 3.

23. To date, Chase has failed and refused to reimburse Mr. Azur for the amounts that Ms. Vanek misappropriated from him through the use of the Chase Credit Card.

24. As of March 7, 2006, Ms. Vanek had used hundreds of thousands of dollars of Mr. Azur's funds to pay invoices that Chase had issued for withdrawals and purchases that Ms. Vanek had made without Mr. Azur's knowledge, consent, or authorization. As of that date, the outstanding balance on Mr. Azur's Chase Credit Card Account was approximately $57,693.26, consisting solely of amounts that Ms. Vanek had misappropriated. Chase is demanding payment of this amount, plus finance charges and penalties.

25. Despite Mr. Azur's having given written notice to Chase of the misappropriation and despite Mr. Azur's having requested reimbursement of the misappropriated amounts, Chase has submitted several adverse credit reports to credit reporting agencies regarding Mr. Azur. Chase's actions in submitting these adverse credit reports constitute a violation of the TILA.

## COUNT I

## **VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1643)**

26. Mr. Azur incorporates herein by reference Paragraphs 1 through 25 of this Complaint.

27. After learning of the misappropriation of money from him through the use of his Chase Credit Card, Mr. Azur gave Chase timely notice of that misappropriation.

28. Under 15 U.S.C. § 1643, Mr. Azur's liability for the unauthorized use of the Chase Credit Card is limited to $50.00.

29. On May 17, 2006, in accordance with Regulation Z of TILA ("Regulation Z"), Mr. Azur, through his counsel, notified Chase that any transactions to the Chase Credit Card Account on or after October 21, 2001 were unauthorized and that he received no benefit from the transactions. 12 C.F.R. § 226.13(b)(1). *See* Exhibit 3.

30. After Mr. Azur provided that notification, further discovery has revealed that the unauthorized transactions dated back to at least November 1999.

31. Ms. Vanek was not authorized to withdraw cash or to make purchases through the use of the Chase Credit Card.

32. Chase is in violation of Regulation Z and TILA by attempting to collect the disputed amount prior to resolution the billing error.

WHEREFORE, Plaintiff, Francis H. Azur, respectfully requests that this Court grant the following relief in favor of Plaintiff and against Defendant, Chase Bank USA, National Association, with regard to Count I of Plaintiff's Complaint:

00773675.DOC

a. Damages in the amount of all payments collected by Chase for money misappropriated and purchases made through the fraudulent use of Mr. Azur's Chase Credit Card;

b. An injunction restraining Chase from collecting or attempting to collect, from Mr. Azur, amounts representing money misappropriated and purchases made through the fraudulent use of Mr. Azur's Chase Credit Card;

c. An order requiring Chase to request the removal of the adverse credit reports that Chase made to credit reporting agencies concerning Mr. Azur's credit status, and restraining Chase from submitting any further adverse credit reports concerning Mr. Azur;

d. Compensatory and punitive damages for Chase's unlawful submission of adverse credit reports concerning Mr. Azur's credit status;

e. An award of attorneys' fees and costs; and

f. Such other and further relief as the Court deems appropriate.

## COUNT II

## VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1666)

33. Mr. Azur incorporates herein by reference Paragraphs 1 through 32 of this Complaint.

34. As stated above, after learning of the misappropriation of money from him through the use of his Chase Credit Card, Mr. Azur gave Chase timely written notice of that misappropriation.

35. On April 7, 2006, Mr. Azur sent written notice to Chase disputing all fraudulent charges to his account. *See* Exhibit 1.

36. On or about April 21, 2006, Mr. Azur, through his counsel, returned an executed Affirmation of Unauthorized Use to Chase. *See* Exhibit 2.

37.     On or about May 17, 2006, counsel for Mr. Azur again sent written notice disputing all fraudulent charges.  *See* Exhibit 3.

38.     Under 15 U.S.C. § 1666a, and 12 C.F.R. § 226.12(c)(2), a creditor may not directly or indirectly threaten to make an adverse credit report, based on a credit card holder's failure to pay a disputed amount, or report the failure to pay to any third party.

39.     Based on information and belief, Chase may intend to, or already has, made adverse reports to Mr. Azur's credit rating as a result of the nonpayment of the disputed balance on the Chase account issued in his name.  Any such adverse reports would also be in violation of §1666, Regulation Z and TILA by making adverse reports regarding a disputed amount, prior to resolution of the billing error.

WHEREFORE, Plaintiff, Francis H. Azur, respectfully requests that this Court grant the following relief in favor of Plaintiff and against Defendant, Chase Bank USA, National Association, with regard to Count II of Plaintiff's Complaint:

   a.   Damages in the amount of all payments collected by Chase for money misappropriated and purchases made through the fraudulent use of Mr. Azur's Chase Credit Card;

   b.   An injunction restraining Chase from collecting or attempting to collect, from Mr. Azur, amounts representing money misappropriated and purchases made through the fraudulent use of Mr. Azur's Chase Credit Card;

   c.   An order requiring Chase to request the removal of the adverse credit reports that Chase made to credit reporting agencies concerning Mr. Azur's credit status, and restraining Chase from submitting any further adverse credit reports concerning Mr. Azur;

   d.   Compensatory and punitive damages for Chase's unlawful submission of adverse credit reports concerning Mr. Azur's credit status;

   e.   An award of attorneys' fees and costs; and

00773675.DOC

  f. Such other and further relief as the Court deems appropriate.

## COUNT III

## NEGLIGENCE

40. Mr. Azur incorporates herein by reference Paragraphs 1 through 39 of this Complaint.

41. At all times relevant to this Complaint, Chase owed a duty to Mr. Azur to protect his Chase Credit Card Account from fraud and misappropriation, a duty which Chase breached due to its failure to detect and notify Mr. Azur of the fraudulent activity on his account.

42. Chase had a further duty to conduct its business according to industry practice and standards. Chase breached this duty by, among other things, failing to detect the misappropriation; by releasing the holds on Mr. Azur's account when requested to do so by a female; by not insisting on speaking with Mr. Azur when Chase observed suspicious activity with regard to his account; and by submitting adverse credit reports to credit reporting agencies in violation of the law.

43. Mr. Azur's financial injuries were the direct and proximate result of Chase's failure to detect the fraudulent transactions and to notify Mr. Azur of those transactions.

44. Chase's breach of duty caused Mr. Azur damages, including, but not limited to, all payments collected by Chase representing fraudulent transactions on his account.

WHEREFORE, Plaintiff, Francis H. Azur, respectfully requests that this Court grant the following relief in favor of Plaintiff and against Defendant, Chase Bank USA, National Association, with regard to Count II of Plaintiff's Complaint:

00773675.DOC

    a.    Damages in the amount of all payments collected by Chase for money misappropriated and purchases made through the fraudulent use of Mr. Azur's Chase Credit Card;

    b.    An injunction restraining Chase from collecting or attempting to collect, from Mr. Azur, amounts representing money misappropriated and purchases made through the fraudulent use of Mr. Azur's Chase Credit Card;

    c.    An order requiring Chase to request the removal of the adverse credit reports that Chase made to credit reporting agencies concerning Mr. Azur's credit status, and restraining Chase from submitting any further adverse credit reports concerning Mr. Azur;

    d.    Compensatory and punitive damages for Chase's unlawful submission of adverse credit reports concerning Mr. Azur's credit status;

    e.    An award of attorneys' fees and costs; and

    f.    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: February 22, 2007

/s/ Jerri A. Ryan
Kurt A. Miller, Esq.
Pa. I.D. No. 37850
Jerri A. Ryan, Esq.
Pa. I.D. No. 80039
Ilene S. Tobias, Esq.
Pa. I.D. No. 200442
THORP REED & ARMSTRONG, LLP
Firm I.D. No. 282
One Oxford Centre
301 Grant St., 14th Floor
Pittsburgh, PA 15219-1425
(412) 394-2363

*Counsel for Plaintiff, Francis H. Azur*

-12-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **AMENDED COMPLAINT** was served this 22nd day of February, 2007, by U.S. First Class Mail, postage-prepaid, on the following:

Joe N. Nguyen, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103


Perry A. Napolitano, Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886


Felicia Yu, Esq.
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071


*Attorneys for Defendant*

/s/  Jerri A. Ryan

00773675.DOC