IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
FRANCIS H. AZUR,              )
                              )
          Plaintiff,          )   Civil Action No. 06-1088
                              )
     v.                       )   Chief Judge Ambrose
                              )   Magistrate Judge Caiazza
CHASE BANK USA, N.A.,         )
                              )
          Defendant.          )
```

### ORDER

For the reasons that follow, the Plaintiff will be permitted to take additional Rule 30(b)(6) testimony to the extent described below.

Pursuant to the Plaintiff's original 30(b)(6) notice, the Defendants produced for deposition Chase employees Karen Trimmer and Joette Herrera. Plaintiff's counsel believes that the depositions revealed inadequacies in the witnesses' testimony and the Defendant's document production to date. *See generally* Pl.'s Br. (Doc. 28) at 2-3.

Regarding the documents, the parties appear to be working amicably to secure further production from Chase. *See id.* at 3 n.1 (discussing additional documents recently provided by Defendant); Def.'s Br. (Doc. 27) at 3 n.5 (parties are working to resolve outstanding issues regarding Chase's discovery responses). As to the testimony, the Plaintiff has served another 30(b)(6) notice and requested the depositions of additional witnesses Michael Farmer and Julianne Martinez,

*see* Pl.'s Br. at 3; why the Plaintiff believes these individuals are better suited to answer the 30(b)(6) inquiries is unclear from his brief.  *See generally id.*

The specific areas of inquiry the Plaintiff wishes to make are as follows:

- day-to-day policies/procedures that customer service representatives follow in speaking with cardholders or non-cardholders about a cardholder account;

- Chase's policies and procedures regarding customer service and fraud prevention, as they are applicable to Mr. Azur's case (*i.e.*, identification of authorized non-cardholders before fraud is reported);

- policies regarding authorized users on a Chase account, generally, including how those users may be added;

- identification of cardholder gender;

- security measures that are taken when a Chase customer service representative makes a call to a cardholder to ensure that they are speaking with an authorized individual; and

- Ms. Trimmer's inability to interpret portions of the "account screens" produced by Chase.

*See* Pl.'s Br. at 3, 6-8.

Whether these specific inquiries fell within the scope of the original Rule 30(b)(6) notice is debatable.  The desired lines of questioning are now clear, however, and given the liberal discovery standards in federal court, they will be permitted in this case.  The court notes, moreover, that the

Defendant has not resisted on the merits the Plaintiff's challenges to the sufficiency of Chase's document production. Rather, Defense counsel recently has produced additional responsive documents regarding the policies and procedures in question, and more may be forthcoming. To the extent Chase is just now producing materials responsive to the Plaintiff's document requests, it seems fair to allow further inquiry of Rule 30(b)(6) witness(es).

Questions remain regarding whether Ms. Herrera is the most appropriate witness to address the Plaintiff's inquiries. Although Defense counsel maintains that she adequately responded to the questions posed in her initial deposition, certain of her responses were somewhat thin. *See, e.g.*, Dep. Tr. of J. Herrera (filed under Ex. G to Doc. 28) at 36 (witness lacked awareness of information required for cardmember to notify Chase of authorized user); *id.* at 39 (testifying that Chase's security checks were "basic, standard questions that most banks in the industry would ask").

Chase nevertheless appears to maintain that there is no other employee better suited to address its day-to-day customer service procedures and, if asked to provide further testimony, Ms. Herrera again would be produced. *See* Def.'s Br. at 5-6. While the court has some skepticism regarding this assertion, if upon careful reflection the Defendant stands by its selection

subject to the mandates of Federal Rule 11(b),[1] there appears little more can be said.  Should Ms. Herrera again be produced, however, the Defendant is reminded of its duty to ensure that the witness is properly educated regarding the areas of inquiry. *See* Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., -- F.3d --, 2007 WL 2285901, *14 n.13 (10th Cir. Aug. 10, 2007) ("the view that the duty to educate a person with no prior knowledge is 'prejudicial' to a corporation has not prevailed, and it appears now to be recognized that the Rule 30(b)(6) deponent must be woodshedded with information that was never known to the witness prior to deposition preparation") (citation and some internal quotations omitted).

As the parties are aware, a case management conference is scheduled for October 19, 2007.  Although the court has not committed to granting additional discovery to the extent requested by the parties, it will provide sufficient time for the additional 30(b)(6) inquiries.

At the conference, the Defendant should be prepared to explain whether Ms. Herrera will remain their designated witness, and if so why.  To the extent the Plaintiff has reason to believe Mr. Farmer and/or Ms. Martinez are more appropriate, it can state

---

[1] *See generally* New England Mut. Life Ins. Co. v. Seager, 1996 WL 537159, *4 (D.D.C. Sept. 13, 1996) (Rule 11(b) requires litigants to "stop and think" before making contentions, and it "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a[n untenable] position") (citation omitted).

its positions at the conference.  Finally, the parties should be prepared to discuss ways in which the inconvenience and cost of taking additional 30(b)(6) depositions can be mitigated to the extent possible (*e.g.*, telephonic deposition).[2]

Finally, the Defendant shall make best efforts to supply all documents responsive to the Plaintiff's requests regarding the policies and procedures in question.  If the document issue can be handled in advance of the conference, the parties should be able to proceed expediently with the remaining 30(b)(6) inquiries.

THESE THINGS ARE SO ORDERED.

October 9, 2007

*(signature)*
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Kurt A. Miller, Esq.
Ilene S. Tobias, Esq.
Jerri Ann Ryan, Esq.
Perry A. Napolitano, Esq.
Felicia Y. Yu, Esq.
Joe N. Nguyen, Esq.

---

[2]  In particular, the followup inquiry regarding Ms. Trimmer's inability to interpret Chase's "account screens" appears one that could be investigated by alternative means, perhaps even through the informal cooperation of the parties.  The Plaintiff is entitled to know what the account screens reflected, and this information seems determinable to a point of certainty.